**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO:  25-50579 MMP |
| Cristina Tovar | § | |
| Robert Tovar | § | Chapter 13 |
| | § | |
| Debtors | § | Honorable Michael M. Parker |

**TRUSTEE'S MOTION TO DISMISS CHAPTER 13 CASE**
**FOR FAILURE TO TURNOVER TAX RETURN AND/OR REFUND**
**WITH NOTICE AND OPPORTUNITY TO OBJECT**

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE OR A MOTION TO MODIFY PLAN IN RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE OR MOTION TO MODIFY PLAN IN RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE OR MOTION TO MODIFY PLAN IN RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, 615 E HOUSTON ROOM 597, SAN ANTONIO, TX. 78205. IF A TIMELY RESPONSE OR MOTION TO MODIFY PLAN IN RESPONSE IS FILED, A HEARING WILL BE HELD ON THIS MOTION AT COURTROOM #1, HIPOLITO F. GARCIA FEDERAL BUILDING AND UNITED STATES COURTHOUSE, 615 E. HOUSTON STREET, SAN ANTONIO, TEXAS, ON AUGUST 6, 2026 AT 2:00 P.M..

  **NOW COMES** Mary K. Viegelahn, Chapter 13 Trustee, in the above captioned case and files this Motion to Dismiss Chapter 13 Case for Failure to Turnover Tax Return and/or Refund With Notice and Opportunity to Object for the following reason:

  Pursuant to Paragraph 4.2 of the confirmed Plan (for those plans confirmed pursuant to the District Plan adopted effective February 3, 2025), or those orders confirming plans entered prior to February 3, 2025 which incorporates tax return and refund language, the Debtor shall provide a copy of the annual post-petition income tax return to the trustee pursuant to Local Rule 1007-1(f). The Trustee requested a copy of the 2025 Federal Income Tax Return on January 08, 2026 and to date, the Return has not been provided.

  Pursuant to Paragraph 4.1 of the confirmed Plan (for those plans confirmed pursuant to the District Plan adopted effective February 3, 2025), or those orders confirming plans entered prior to February 3, 2025 which incorporates tax return and refund language, all tax refunds received by the Debtors while the chapter 13 case is pending are presumed to be disposable income to be turned over by the Debtors upon receipt to the Trustee. To date, the Debtors have not turned over such refund to the Trustee.

  By failing to turn over the income tax return and/or refund, the Debtors have materially defaulted with respect to the terms of the confirmed Plan and, furthermore, hindered the Trustee's ability to administer the bankruptcy estate and is considered unreasonable delay by the Debtors that is prejudicial to creditors. Such conduct clearly constitutes grounds for dismissing this case under 11 U.S.C. §1307(c)(1) and (c)(6).

  The Trustee requests that in the event a hearing is held that the Court holds that any funds held by the Trustee at the time of dismissal shall not re-vest in the Debtors pursuant to 11 U.S.C. §349(b)(3), and that such funds be disbursed by the Trustee to creditors pursuant to the plan as confirmed or modified and pursuant to 11 U.S.C. §1326(a)(2).

  **WHEREFORE, PREMISES CONSIDERED**, the Trustee requests that this Court dismiss this case in accordance with 11 U.S.C. §1307 (c)(1) and (c)(6), discharge the Trustee from her trust and sureties in connection with this case, and for such other relief as this Court may deem proper.

Dated:  May 26, 2026

/S/  *Mary K. Viegelahn*
_____

**MARY K. VIEGELAHN   P42327 (MI)**
**CHAPTER 13 TRUSTEE**
**mviegelahn@sach13.com**
**10500 Heritage Blvd, Ste. 201**
**San Antonio, TX.  78216**
**(210) 824-1460**